IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TOMMY J. BOLDIN, #142 961 | * | |
| Petitioner, | * | |
| v. | * | 2:06-CV-805-MEF |
| | | (WO) |
| JAMES DELOACH, WARDEN, *et al.*, | * | |
| Respondents. | * | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Petitioner, Tommy Boldin, is currently confined at the Draper Correctional Facility in Elmore, Alabama. He files this writ of habeas corpus seeking to challenge his 1986 conviction for attempted murder entered against him by the Circuit Court for Montgomery County, Alabama. Petitioner is serving a 30 year term of imprisonment for this conviction. (Doc. No. 1.)

The instant petition represents another challenge to the merits of Petitioner's 1986 conviction. Petitioner previously filed a habeas corpus application on February 27, 2004. This court denied and dismissed the petition as successive on April 6, 2004. *See Boldin v. DeLoach*, Civil Action No. 2:04-CV-180-WHA (M.D. Ala. 2004). On April 30, 1996, this court denied and dismissed as successive a habeas application file by Petitioner on November 22, 1995. (*See Boldin v. Jones*, Civil Action No. 2:96-1500-WHA (M.D. Ala. 1996).

### DISCUSSION

Petitioner may file a second or successive habeas corpus petition only if he has moved the appropriate circuit court for an order authorizing the district court to consider his application. *See*

28 U.S.C. § 2244(b)(3);[1] *Felker v. Turpin*, 83 F.3d 1303, 1305-07 (11th Cir. 1996). The pending application is a successive one. Before this court may consider the pending petition, the United States Court of Appeals for the Eleventh Circuit must enter an order authorizing this court to consider Petitioner's application for habeas corpus relief. § 2244(b)(3)(A).[2]

It is clear from the petition filed in this case that Petitioner has not received an order from the Eleventh Circuit Court of Appeals authorizing this court to consider his successive application for habeas corpus relief. "Because this undertaking would be [a successive] habeas corpus petition and because [Petitioner] ha[s] no permission from [the Eleventh Circuit] to file a [successive] habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001).

In light of the foregoing, it is clear that this court lacks jurisdiction to consider Petitioner's successive petition for habeas corpus relief and it is, therefore, due to be summarily dismissed.[3]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the application for

---

[1] 28 U.S.C. § 2244(b)(3)(B) provides, as amended, that: "[A] motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals."

[2] 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant *shall move in the appropriate court of appeals for an order authorizing the district court to consider the application*." (emphasis added).

[3] Under the amendments to 28 U.S.C. § 2254, a second or successive petition must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain--(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense, or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

habeas corpus relief be DISMISSED as this court is without jurisdiction to review the instant petition.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before September 20, 2006. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 8th day of September 2006.

                                        **/s/ Delores R. Boyd**
                                        DELORES R. BOYD
                                        UNITED STATES MAGISTRATE JUDGE